UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER TODD SMITH,<br><br>                Plaintiff,<br><br>vs.<br><br>SHERIFF STEVE KEANE,<br>CAPTAIN THOMPSON and<br>CAPTAIN KATHY DANIELS,<br><br>                Defendants. | NO. CV-11-5021-JPH<br><br>REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS |

      By Order filed March 16, 2011, the court directed Mr. Smith, formerly a prisoner at the Benton County Jail, and now residing in Walla Walla, Washington, to complete and file a financial affidavit as required by 28 U.S.C. § 1915(a)(1). Due to Mr. Smith's release from incarceration, there is no mechanism for collecting the filing fee in partial payments under 28 U.S.C. § 1915(b)(2). In the alternative, the court directed Mr. Smith to pay the full $350.00 filing fee.

      The court admonished Mr. Smith that failure to comply would result in dismissal of this case for failure to prosecute. He did not comply and has filed nothing further in this action.

      "Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS -- 1

whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the court's instructions, Plaintiff has not complied with the filing fee requirements of 28 U.S.C. §§ 1914(a) or 1915(a)(1). As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply. Plaintiff, however, has already had more than six weeks to follow this court's directive and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal). Accordingly, **IT IS RECOMMENDED** this action be **DISMISSED WITHOUT PREJUDICE** for failure to obey an Order of this Court to comply with the statutory filing fee requirements.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after

receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds additional time after certain kinds of service.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

**IT IS SO RECOMMENDED**. The District Court Executive is directed to enter this Report and Recommendation, forward a copy to Plaintiff at the Walla Walla, Washington, address, and set a case management deadline accordingly.

**DATED** this 10th day of May, 2011.

                                            S/ James P. Hutton

                                            JAMES P. HUTTON
                              UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO COMPLY WITH FILING FEE REQUIREMENTS -- 3